## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAUNA COOKE,

                Plaintiff,

v.

KRAG FORD OF ADAMSBURG, LLC;
TRANS UNION, LLC; and EQUIFAX
INFORMATION SERVICES, LLC,

                Defendants.

Civil Action No. 2:25-cv-013160-CCW

### DEFENDANT TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Trans Union LLC ("Trans Union"), by and through its undersigned counsel, hereby submits this Answer to the Complaint filed by Plaintiff Shauna Cooke. TransUnion specifically denies that it has engaged in any conduct which violates the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  Unless expressly admitted, Trans Union LLC denies each and every allegation set forth in Plaintiff's Complaint.

### PARTIES

1.      Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

2.      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6.      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7.      Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

8.      Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

9.      Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

10.     Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

11.     Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

12.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

13.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

14.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

15.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

16.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

17.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

18.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## JURISDICTION & VENUE

19.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

20.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

21.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

22.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

23.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

24.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

25.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

26.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

27.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

28.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

29.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

30.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

31.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

32.    Trans Union denies that it violated the FCRA (or any other law). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

33.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

34.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

35.    Trans Union denies that it violated the FCRA (or any other law). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

36.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

37.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTUAL BACKGROUND

38.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

39.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

40.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

41.    Trans Union states that the referenced exhibit speaks for itself. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

42.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

43.    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient

to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

44.     Trans Union states that the referenced exhibit speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

45.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

46.     Trans Union states that the referenced exhibits speak for themselves. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

47.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

48.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

49.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

50.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

51.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

52.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

53.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

54.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

55.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

56.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

57.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

58.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

59.     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

60.     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

61.     Trans Union admits that it received correspondence from Plaintiff in or around January 2025. Trans Union states that the referenced exhibit speaks for itself, and to the extent Plaintiff mischaracterizes the correspondence, Trans Union denies the allegations as stated. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

62.     Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these remaining allegations, which has the effect of a denial under Rule 8(b)(5).

63.     Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these remaining allegations, which has the effect of a denial under Rule 8(b)(5).

64.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

65.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

66.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response

from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

67.    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

68.    As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

69.    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

70.    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

71.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

72.    Trans Union states that the referenced exhibit speaks for itself. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

73.    Trans Union states that the referenced exhibit speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

74.    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

## COUNT I
### *Shauna Cooke v. Kenny Ross*

75.    Trans Union reasserts its answers and responses set forth herein.

76.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

77.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

78.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

79.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

80.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

81.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

82.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

83.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

84.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

85.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

86.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

87.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

88.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

89.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

90.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## <u>COUNT II</u>
### *Shauna Cooke v. Kenny Ross*

91.     Trans Union reasserts its answers and responses set forth herein.

92.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

93.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

94.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

95.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

96.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

97.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

98.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

99.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

100.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

101.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

102.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

103.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## COUNT III
### *Shauna Cooke v. TransUnion and Equifax*

104.    Trans Union reasserts its answers and responses set forth herein.

105.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

106.    Trans Union admits that it received correspondence from Plaintiff in or around January 2025. Trans Union states that the referenced exhibit speaks for itself, and to the extent Plaintiff mischaracterizes the correspondence, Trans Union denies the allegations as stated. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

107.    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

108.    Trans Union states that the referenced exhibit speaks for itself. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

109.    Trans Union states that the referenced exhibit speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

110.    Trans Union states that the referenced exhibits speak for themselves. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

111.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

112.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

113.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

114.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response

from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

115.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

116.    Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## COUNT IV
### *Shauna Cooke v. TransUnion and Equifax*

117.    Trans Union reasserts its answers and responses set forth herein.

118.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

119.    Trans Union admits that it received correspondence from Plaintiff in or around January 2025. Trans Union states that the referenced correspondence speaks for itself, and to the extent Plaintiff mischaracterizes the correspondence, Trans Union denies the allegations as stated. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

120.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response

from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

121.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

122.    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

123.    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

124.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

125.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

126.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

127.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

128.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

129.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

130.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

131.     Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## <u>COUNT V</u>
### *Shauna Cooke v. TransUnion and Equifax*

132.     Trans Union reasserts its answers and responses set forth herein.

133.     Trans Union admits that it received correspondence from Plaintiff in or around January 2025. Trans Union states that the referenced exhibit speaks for itself, and to the extent

Plaintiff mischaracterizes the correspondence, Trans Union denies the allegations as stated. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

134.     Trans Union states that the referenced exhibit speaks for itself.  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

135.     Trans Union states that the referenced exhibit speaks for itself.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

136.     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

137.     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

138.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

139.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

140.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

141.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

142.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

143.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

144.    Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## JURY DEMAND

145.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## AFFIRMATIVE DEFENSES

Trans Union states the following defenses and reserves its right to assert other and additional defenses, cross claims and third-party claims not asserted herein of which it becomes aware through discovery or other investigation as may be appropriate later. In asserting these defenses, Trans Union does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff. Trans Union's investigation is ongoing, and it reserves the right to supplement its affirmative defenses.

### FIRST ADDITIONAL DEFENSE

Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

Trans Union's reports concerning Plaintiff were true or substantially true.

### THIRD ADDITIONAL DEFENSE

Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

### FOURTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

## FIFTH ADDITIONAL DEFENSE

At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

## SIXTH ADDITIONAL DEFENSE

Plaintiff has failed to take reasonable steps to mitigate their damages, if any.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

## NINTH ADDITIONAL DEFENSE

Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

## TENTH ADDITIONAL DEFENSE

Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

## ELEVENTH ADDITIONAL DEFENSE

Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant Trans Union LLC, respectfully prays that:

A.    Plaintiff take nothing by way of their Complaint, and the action be dismissed with prejudice;

B.    Judgment be entered in favor of Trans Union LLC and against Plaintiff with respect to all causes of action in the Complaint;

C.    The Court award Trans Union LLC its attorneys' fees and all other costs reasonably incurred in defense of this action; and

D.    The Court award Trans Union LLC such other relief as the Court may deem just and proper.

Dated:  November 3, 2025

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC
*/s/ Samantha L. Southall*
Samantha L. Southall (PA. I.D. #80709)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102
Telephone:  (215) 665-3800
Fax:  (215) 665-8760
samantha.southall@bipc.com

*Counsel for Defendant Trans Union, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been electronically filed on the **3rd day of November, 2025**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

*/s/ Samantha L. Southall*
Samantha L. Southall
